UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ERICA P. SMITH,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-35

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 9), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

### A.     Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of June 16, 2011. PageID 259-71, 294. Plaintiff suffers from a number of impairments including, among others, affective disorder, anxiety-related disorder, and substance abuse disorder. PageID 63.

After initial denial of her claims, Plaintiff received a hearing before ALJ Christopher L. Dillon on August 8, 2013. PageID 81-109. The ALJ subsequently issued a written decision finding Plaintiff not "disabled." PageID 61-70. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016;

2. The claimant has not engaged in substantial gainful activity since June 16, 2011, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*);

3. The claimant has the following severe impairments: affective disorder; anxiety-related disorder; and substance abuse disorder (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. The claimant retains the [residual] functional capacity ["RFC"] for work at all exertional levels that involves no more than occasional interaction with supervisors, coworkers, and the public; no more than simple, routine, repetitive tasks performed with adequate persistence that only requires regularly scheduled breaks but with a pace and stress tolerance that allows for no production quotas.

6. The undersigned makes no finding regarding past relevant work (20 CFR 404.1520(h) and 416.920(h)).

7. The claimant was born [in] 1969, and was 42 years of age, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Given the claimant's [RFC], she has no transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 16, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 61-69.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 49-55. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

Plaintiff, in her Statement of Errors, sets forth an extensive summary of the medical evidence. Doc. 7 at PageID 1466-74. The Commissioner defers to the statement of evidence set forth by the ALJ and offers no specific objection to Plaintiff's recitation of relevant evidence. Doc. 9 at PageID 1492. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues that the ALJ erred in: (1) assessing the weight accorded to the medical source opinions of record; and (2) determining her credibility. Doc. 7 at PageID 1333-42. Finding merit to Plaintiff's first assignment of error, the undersigned need not address whether the ALJ properly assessed her credibility.[4]

---

[4] Nevertheless, on remand, the undersigned would direct that the ALJ assess Plaintiff's credibility anew following a meaningful explanation of the weight accorded to the medical source opinions.

In her first assignment of error, Plaintiff challenges the ALJ's assessment of opinions given by treating psychiatrist Chang Pan, M.D.; examining psychologist Alan R. Boerger, Ph.D.; and record reviewing psychologists Roseann Umana, Ph.D. and Caroline Lewin, Ph.D.  *Id*. at PageID 1475-82.  The ALJ declined to give controlling weight to the disabling opinion of Dr. Pan and, instead, afforded his opinion "little weight."  PageID 65-66.  Instead, the ALJ gave "significant weight" to the opinions by non-treating psychologists Boerger, Umana, and Lewin.  PageID 65.  The undersigned, finding the ALJ failed to meaningfully explain his conclusory assignment of significant weight to the non-treating psychologists, makes no determination regarding the adequacy of his review of treater Pan's findings.

Where, as here, the ALJ declines to give controlling weight to a treating source, "[t]he governing regulations require an ALJ to evaluate all medical opinions according to several factors, regardless of their source[.]"  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).  These factors are set forth in 20 C.F.R. § 404.1527 and include "the length of treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, and the supportability of the . . . opinions."  *Jacques v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 729, 742 (S.D. Ohio 2013).

As previously noted by the undersigned on numerous occasions, simply restating a medical source's opinion and offering a conclusory assessment of the weight given, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence of record.  *See* 20 C.F.R. § 404.1527(c); *see also Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014) (Newman, M.J.) (citing *Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012) (finding the ALJ's explanation "lacking" where the ALJ

merely "recapitulated" the reasons stated by the Medical Expert for disagreeing with the opinion of a treating physician and failed to "provide his reasons for according [the treating physician's] opinion the . . . weight he did").

Here, the ALJ's entire analysis of the opinions of psychologists Boerger, Umana, and Lewin is as follows:

> Based upon a review of the medial evidence, State Agency psychologists [Umana and Lewin] concluded that claimant would be able to perform routine, repetitive tasks in a relatively static environment, with only occasional superficial contact with others. I have afforded the opinion of the State Agency psychologists significant weight, as [they are] supported by the overall medical record.
>
> The recommendations of Dr. Boerger, an examining source, have also been afforded significant weight, as his recommendations are supported by the body of his report.

PageID 65. Although the ALJ purports to find such opinions supported by the record, he provides no specific citation to any evidence.

Further, the undersigned notes that the opinions of Drs. Boerger, Umana, and Lewin -- given in March and September 2012, *see* PageID 111-36, 139-66, 566-72 -- all predate numerous treatment records in evidence, including the opinion of Plaintiff's treating psychiatrist Dr. Pan, which was given on May 1, 2013. *See* PageID 1308-10. Finally, given the ALJ's conclusory assessment of the opinions offered by Drs. Boerger, Umana, and Lewin, the undersigned cannot adequately assess whether the ALJ separately analyzed any of the required 20 C.F.R. § 404.1527(c) factors in weighing these opinions -- a failure that constitutes reversible error. *See Miller v. Comm'r of Soc. Sec.*, No. 3:14-CV-208, 2015 WL 2383632, at *5 (S.D. Ohio May 19, 2015).

Accordingly, based upon the foregoing, the undersigned recommends that the ALJ's non-disability finding be reversed.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, evidence of disability is not overwhelming. There are a number of medical source opinions in the record that could undermine Plaintiff's assertion of disability. *See supra*. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record, and assess Plaintiff's credibility anew in light of the objections raised by Plaintiff in this appeal.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   December 9, 2015                             *s/ Michael J. Newman*
                                                     Michael J. Newman
                                                     United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).