IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERICA P. SMITH,                          :

                Plaintiff,        :   Case No. 3:15-cv-35

      vs.                                 :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,   :

             Defendant.        :

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART
INITIAL (DOC.#10) AND SUPPLEMENTAL (DOC.#15) REPORTS AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOC. #13 and
DOC.#16) SUSTAINED; DEFENDANT'S OBJECTIONS TO MAGISTRATE
JUDGE'S INITIAL REPORT AND RECOMMENDATIONS (DOC.#11)
OVERRULED; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER FOR THE IMMEDIATE PAYMENT OF BENEFITS UNDER
THE SOCIAL SECURITY ACT; TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On

December 9, 2015, the United States Magistrate Judge filed a Report and Recommendation (Doc.

#10), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be found unsupported by substantial

evidence and reversed, and that the captioned cause be remanded to the Defendant Commissioner

under the Fourth Sentence of 42 U.S.C. § 405(g), for further Administrative Proceedings. Following a recommittal by the Undersigned, the United States Magistrate Judge filed a Supplemental Report and Recommendations (Doc.#15), recommending the identical result as aforesaid. Based upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc.#6), and a thorough review of the applicable law, this Court adopts the aforesaid Reports and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's objections to said judicial filing (Doc.#s 13 and 16) are sustained. Defendant's objections to the Initial Report and Recommendations (Doc.#11) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiffs was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and, for reasons set forth below, the captioned cause is remanded to the Defendant Commissioner for the immediate payment of benefits under the Social Security Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweiker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981);

<u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365 (6th Cir. 1984); <u>Garner v. Heckler</u>, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case <u>de novo</u>, resolve conflicts in evidence or decide questions of credibility. <u>Garner</u>, <u>supra</u>. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. <u>Buxton v. Halter, Commissioner of Social Security</u>, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. <u>Elkins v. Secretary of Health and Human Services</u>, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     The Court finds itself in complete agreement with all observations of the Magistrate Judge which led him to the conclusion that the Defendant's finding that Plaintiff was not disabled within the meaning of the Social Security Act and, therefore, not entitled to benefits was not supported by substantial evidence. Accordingly, the only issue is whether the captioned cause should be remanded for further Administrative Proceedings, as recommended by the Magistrate Judge, or remanded to the Defendant for the immediate payment of benefits under the Social Security Act.

2.     This Court concludes that the latter course is proper based upon the entirety of the record in this case. In so concluding, this Court believes that all essential factual issues have been resolved and that the record adequately establishes Plaintiff's entitlement to benefits. In other

words, proof of disability is strong and opposing evidence is lacking in substance. Accordingly, a remand for further Administrative Proceedings would merely produce the presentation of cumulative evidence. <u>Faucher v Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994.)

WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the Initial (Doc.#10) and Supplemental (Doc.#15) Reports and Recommendations of the United States Magistrate Judge, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence. Plaintiff's Objections to said judicial filings (Doc. #13 and 16) are sustained; Defendant's objection to initial Report and Recommendations (Doc.#11) are overruled.. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant for an immediate award of benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 25, 2016

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record